UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES LEONE,<br><br>               Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>TRANSUNION, LLC<br>JPMORGAN CHASE BANK, N.A.,<br><br>               Defendants. | Case No 2:22-cv-00714-SDW-JBC |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, upon information and belief, answers the Complaint of plaintiff James Leone ("Plaintiff" or "Leone"), as follows:

### AS AND TO THE SECTION DESIGNATED "JURISDICTION AND VENUE"

1. Paragraph 1 of the Complaint states legal conclusions that do not require any response.

2. Paragraph 2 of the Complaint states legal conclusions that do not require any response. To the extent that any response may be required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same, except Chase admits that it transacts business in this judicial district.

3. Answering Paragraph 3 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et*

*seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

AS AND TO THE SECTION DESIGNATED<br><u>"PARTIES"</u>

4. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5. Paragraph 5 of the Complaint states legal conclusions that do not require any response.

6. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the same.

7. Paragraph 7 of the Complaint states legal conclusions that do not require any response.

8. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same.

9. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10. Paragraph 10 of the Complaint states legal conclusions that do not require any response.

11. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. Paragraph 12 of the Complaint states legal conclusions that do not require any response. To the extent a response is required, Chase denies the allegations set forth in Paragraph 12 of the Complaint, except Chase admits that it is a national banking association which furnishes

information to consumer reporting agencies with an address for service of process care of The CT Corporation, 820 Bear Tavern Road, West Trenton, NJ 08628.

AS AND TO THE SECTION DESIGNATED
"FACTUAL ALLEGATIONS"

13. Answering the paragraph of the complaint designated "13", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "12" and makes the same part thereof as if set forth herein at length.

14. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same, except Chase admits that Plaintiff's accounts were closed and settled for less than the full balances and Chase furnished information to the credit bureaus accordingly at the time of the settlements.

16. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

17. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same, except Chase admits that Plaintiff's accounts were closed and settled for less than the full balances.

18. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the same.

19. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies the same.

20. Answering Paragraph 20 of the Complaint, Chase admits, from October 2021 through the present, only receiving Automated Consumer Dispute Verification (ACDV) forms from Equifax in October 2021 concerning Plaintiff's accounts ending in 1420 and 8354.

21. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the same.

22. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies the same.

23. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies the same.

24. Chase denies the allegations set forth in Paragraph 24 of the Complaint.

25. Chase denies the allegations set forth in Paragraph 25 of the Complaint.

26. Chase denies the allegations in Paragraph 26 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

27. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the same, except Chase admits that Plaintiff's accounts were closed and settled for less than the full balances and Chase furnished information to the credit bureaus accordingly at the time of the settlements.

28. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies the same.

29. Paragraph 29 of the Complaint states legal conclusions that do not require any response. To the extent that any response may be required, Chase denies the allegations set forth in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states legal conclusions that do not require any response. To the extent that any response may be required, Chase denies the allegations set forth in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states legal conclusions that do not require any response. To the extent that any response may be required, Chase denies the allegations set forth in Paragraph 31 of the Complaint.

32. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies the same.

33. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies the same.

34. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies the same.

35. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies the same.

36. Chase denies the allegations in Paragraph 36 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

37. Chase denies the allegations in Paragraph 37 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

38. Chase denies the allegations in Paragraph 38 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

39. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies the same.

## AS AND TO THE SECTION DESIGNATED
## "FIRST CAUSE OF ACTION (Willful Violation of the FCRA as to Transunion)"

40. Answering the paragraph of the complaint designated "40", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "39" and makes the same part thereof as if set forth herein at length.

41. Answering Paragraph 41 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

42. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies the same.

43. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies the same.

44. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies the same.

45. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies the same.

46. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"SECOND CAUSE OF ACTION (Negligent Violation of the FCRA as to Transunion)"

47. Answering the paragraph of the complaint designated "47", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "46" and makes the same part thereof as if set forth herein at length.

48. Answering Paragraph 48 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

49. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies the same.

50. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and therefore denies the same.

51. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and therefore denies the same.

52. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and therefore denies the same.

53. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"THIRD CAUSE OF ACTION (Willful Violation of the FCRA as to Equifax)"

54. Answering the paragraph of the complaint designated "54", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the

Complaint designated "1" through "53" and makes the same part thereof as if set forth herein at length.

55. Answering Paragraph 55 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

56. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint, and therefore denies the same.

57. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, and therefore denies the same.

58. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, and therefore denies the same.

59. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint, and therefore denies the same.

60. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"FOURTH CAUSE OF ACTION (Negligent Violation of the FCRA as to Equifax)"

61. Answering the paragraph of the complaint designated "61", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "60" and makes the same part thereof as if set forth herein at length.

62. Answering Paragraph 62 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

63. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and therefore denies the same.

64. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, and therefore denies the same.

65. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and therefore denies the same.

66. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and therefore denies the same.

67. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"FIFTH CAUSE OF ACTION (Willful Violation of the FCRA as to Chase)"

68. Answering the paragraph of the complaint designated "68", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "67" and makes the same part thereof as if set forth herein at length.

69. Answering Paragraph 69 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

70. Paragraph 70 of the Complaint states legal conclusions that do not require any response.

71. Paragraph 71 of the Complaint states legal conclusions that do not require any response.

72. Paragraph 72 of the Complaint states legal conclusions that do not require any response.

73. Chase denies the allegations set forth in Paragraph 73 of the Complaint.

74. Chase denies the allegations set forth in Paragraph 74 of the Complaint.

75. Chase denies the allegations set forth in Paragraph 75 of the Complaint.

76. Chase denies the allegations set forth in Paragraph 76 of the Complaint.

77. Chase denies the allegations set forth in Paragraph 77 of the Complaint.

### AS AND TO THE SECTION DESIGNATED
### "SIXTH CAUSE OF ACTION (Negligent Violation of the FCRA as to Chase)"

78. Answering the paragraph of the complaint designated "78", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "77" and makes the same part thereof as if set forth herein at length.

79. Answering Paragraph 79 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

80. Paragraph 80 of the Complaint states legal conclusions that do not require any response.

81. Paragraph 81 of the Complaint states legal conclusions that do not require any response.

Case 2:22-cv-00714-SDW-JBC   Document 13   Filed 04/01/22   Page 11 of 15 PageID: 46

82. Paragraph 82 of the Complaint states legal conclusions that do not require any response.

83. Chase denies the allegations set forth in Paragraph 83 of the Complaint.

84. Chase denies the allegations set forth in Paragraph 84 of the Complaint.

85. Chase denies the allegations set forth in Paragraph 85 of the Complaint.

86. Chase denies the allegations set forth in Paragraph 86 of the Complaint.

87. Chase denies the allegations set forth in Paragraph 87 of the Complaint.

88. Chase denies the allegations set forth in Paragraph 88 of the Complaint.

## AS AND TO THE SECTION DESIGNATED "DEMAND FOR TRIAL BY JURY"

89. Answering Paragraph 89 of the Complaint, Chase admits that Plaintiff demands a trial by jury for all claims and issues to which Plaintiff is or may be entitled to a jury trial.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Chase alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Chase.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Chase denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions that amount to and constitute an estoppel of the claims and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's payment history was properly furnished to credit reporting agencies by Chase.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery from Chase for a willful or knowing violation of the FCRA because any such violation, which Chase denies occurred, would not have been willful or knowing.

### EIGHTH AFFIRMATIVE DEFENSE

The imposition of liability and/or statutory damages under the FCRA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process and Excessive Fines Clauses.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Chase denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Chase.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Subject to further factual development, including discovery, Chase is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Chase.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution to assert the claims alleged in the Complaint. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

## FOURTEENTH AFFIRMATIVE DEFENSE

Chase conducted a reasonable investigation of Plaintiff's dispute and furnished accurate information from its investigation to the credit reporting agencies.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims Chase willfully violated the FCRA, which Chase denies, any violation was not willful because Chase's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## SIXTEENTH AFFIRMATIVE DEFENSE

Chase expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**WHEREFORE**, Chase requests the following relief:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing from Chase by virtue of the Complaint;

3. That the Court award Chase its attorneys' fees, expenses and costs to the full extent permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: April 1, 2022

TURCOTTE LAW, P.C.

By:    */s/*Christopher B. Turcotte
      Christopher B. Turcotte
575 Madison Avenue, Suite 1006
New York, NY 10022
Telephone: (212) 937-8499
cturcotte@cbtlaw.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I certify that on April 1, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Christopher B. Turcotte
Christopher B. Turcotte
575 Madison Avenue, Suite 1006
New York, New York  10022
(212) 937-8499